# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **FELICIA YOLANDA JACKSON,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 7:24-cv-1020-LCB-NAD |
| | ) |
| **KIMBERLY NEELY,** | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM OPINION**

The magistrate judge entered a report and recommendation on May 7, 2025, recommending that this petition for habeas corpus relief, filed pursuant to 28 U.S.C. § 2241, be denied. (Doc. 12). On May 23, 2025, the court received Jackson's objection to that report and recommendation.[1] (Doc. 13).

Jackson objects to the report and recommendation solely on the ground that she "qualifies for preferred housing." (Doc. 13). However, Jackson's challenge to her placement in Aliceville FCI, as opposed to Aliceville SPC, falls outside the scope of habeas relief. *See e.g., Meachum v. Fano*, 427 U.S. 215, 224 (1976) (holding that a prisoner has no inherent constitutional right to be incarcerated in a particular

---

[1] Although received outside of the 14 day time period for filing objections, *see* 28 U.S.C. § 636(b)(1)(C), Jackson's objections are dated May 18, 2025, making them timely. *See Houston v. Lack*, 487 U.S. 266, 274-75 (1988) (holding that a prisoner's pleadings are deemed filed at time they are tendered to prison officials for mailing); *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (holding that courts should "assume that a prisoner delivered a filing to prison authorities on the date that he signed it.").

institution). As previously explained to Jackson, the Federal Bureau of Prisons has the power to "designate the place of the prisoner's imprisonment" and "a designation of a place of imprisonment under § 3621(b) is not reviewable by any court." *Sills v. FCI Talladega Warden*, 2023 WL 1775725, at *2 (11th Cir. Feb. 6, 2023) (quoting 18 U.S.C. § 3621(b).

Challenges to prison housing and security classifications are not cognizable in a § 2241 petition because they do not "challenge the basic fact or duration of [the petitioner's] imprisonment" or "challenge the 'execution'" of a sentence. *Ellis v. Neely*, 2023 WL 4144502, at *4 (N.D. Ala. May 18, 2023) (quoting *Briley v. Warden Fort Dix FCI*, 703 F. App'x 69, 71 (3d Cir. 2017)); *see also Guidry v. Warden FCI Talladega*, 2020 WL 1237961, at *2 (N.D. Ala. Feb. 4, 2020) (finding that the petitioner's challenge to his "Greatest Severity" classification was not cognizable in a § 2241 petition), *adopted*, 2020 WL 1235724 (N.D. Ala. Mar. 12, 2020); *Reynolds v. Warden Schuylkill FCI*, , at *2 (3d Cir. Sept. 12, 2024) (holding that, where the petitioner argued that he should have been assigned to a prison camp instead of a medium security institution, "this challenge is not cognizable in a § 2241 petition where [the petitioner] does not allege that his custody classification is in any way inconsistent with his sentencing judgment.").

Because Jackson's challenge to the location of her incarceration falls outside of the scope of appropriate relief under § 2241, the court lacks jurisdiction to consider her petition.

After a *de novo* consideration of the entire file in this action, including the report and recommendation, and Jackson's objections, the court **OVERRULES** the objections, **ADOPTS** the magistrate judge's report, and **ACCEPTS** his recommendation. The court finds that the petition for a writ of habeas corpus is due to be **DISMISSED** for lack of jurisdiction.

A separate order will be entered.

**DONE** and **ORDERED** this July 18, 2025.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE